**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4707

BASCOMB WILLIAM BEST, a/k/a
William Bascomb Best,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lyle E. Strom, Senior District Judge, sitting by designation.
(CR-98-20)

Submitted: May 31, 2000

Decided: September 14, 2000

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ashley Lee Hogewood, III, KENNEDY, COVINGTON, LOBDELL
& HICKMAN, L.L.P., Raleigh, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Bascomb William Best pled guilty to being an accessory after the fact to a federal offense, see 18 U.S.C.§ 3 (1994), and was sentenced to a term of twenty-one months imprisonment, followed by a three-year term of supervised release. Best appeals his conviction, alleging that the district court erred in accepting his guilty plea. He also appeals his sentence, contending that the court erred in denying his motion for a downward departure and refusing to compel the government to move for a departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1998). We affirm.*

I.

Best was charged with being an accessory after the fact by assisting Michael McAnulty to hinder his apprehension, trial, and punishment, while "knowing that an offense against the United States had been committed by" McAnulty, specifically, (1) assault with a dangerous weapon on postal employees, (2) carrying a firearm during and in relation to a crime of violence, and (3) being a convicted felon in possession of a firearm. Best had helped dispose of stolen items and McAnulty's shotgun after McAnulty robbed a drugstore containing a post office sub-station.

_____

*Even though Best has been released from prison, the appeal of his conviction is not moot. See Carafas v. LaValee , 391 U.S. 234, 237-38 (1968) (expiration of sentence while conviction awaiting appellate review did not moot appeal because of substantial interest in discharging burdens flowing from conviction). The appeal of the sentence is not moot because the court could have imposed a sentence with no supervised release if it had departed to a sentence of less than one year of imprisonment. See United States v. Eske, 925 F.2d 205, 206 n.1 (7th Cir. 1991); 18 U.S.C.A. § 3583(a) (West Supp. 2000); USSG§ 5D1.1(a).

2

Best terminated his first guilty plea hearing. At the second hearing, the district court judge refused to accept his guilty plea because Best steadfastly maintained that he had not known that McAnulty robbed postal employees or used a gun in the robbery. However, Best did admit that he knew McAnulty had been in jail and that he "could assume" McAnulty was a felon when he agreed to, and attempted to, dispose of McAnulty's firearm. At the third Fed. R. Crim. P. 11 hearing, Best stated that he was guilty without qualification and made no objection to the factual basis presented by the government. He now claims that the court erred in failing to ascertain that he knew McAnulty had committed a federal offense when he offered his assistance.

The indictment charged in the disjunctive that Best assisted McAnulty while knowing that he had committed three federal offenses; the third offense was being a felon in possession of a firearm. To establish Best's guilt, the government had to prove that Best knew that McAnulty had "engaged in conduct that satisfied the essential elements of the primary federal offense." United States v. Graves, 143 F.3d 1185, 1186 (9th Cir. 1998). Graves further explains that, "the accessory must know that the offender had engaged in the conduct that constitutes the federal offense--though not necessarily that such conduct constitutes a federal offense." Id.

Here, Best's admissions at the second Rule 11 hearing were sufficient to establish that Best assisted McAnulty in avoiding prosecution for being a felon in possession of a firearm. At the third hearing, in the absence of any statement by Best that might call his guilt into question, we cannot find that the district court erred in accepting Best's guilty plea.

II.

When a defendant enters a guilty plea, as Best did, without a plea agreement that obligates the government to move for a departure if the defendant provides substantial assistance, the district court may review the government's decision not to move for a departure only if the decision is based on an unconstitutional motive or is not rationally related to any legitimate government objective. See Wade v. United States, 504 U.S. 181, 185-86 (1992). If neither of these exceptions

3

applies, the fact that the defendant actually provided substantial assistance is not enough to compel the motion. Id. at 186. Best argues that the government's decision not to move for a departure because of his bond violation was unrelated to a legitimate government end because he had already been punished by having his bond revoked. However, we find that the government's reluctance to move for a sentence reduction after the defendant's violation of a court order is rationally related to a legitimate government objective.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED